UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KYLE DESMARAIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:21-cv-00341-LEW |
| | ) | |
| YORK COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the York County Jail, alleges that corrections officers and medical personnel at the jail did not properly address his personal hygiene needs and a serious medical condition. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (Order, ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's claims except his claims against Defendant Hamilton, a John Doe corrections officer, and a Jane Doe nurse.

## FACTUAL ALLEGATIONS

Plaintiff alleges that on June 15, 2020, at around 7:00 p.m., he was involved in a physical altercation with multiple other inmates and was kicked repeatedly. The inmates were pepper sprayed and handcuffed. According to Plaintiff, while the other prisoners were allowed decontamination showers, Plaintiff lost consciousness and was returned to his cell without a shower.

In the early hours of the following morning, Plaintiff woke in his cell with pain in his abdomen and discovered that he had defecated in his bunk. Plaintiff got the attention of a corrections officer, Defendant Hamilton, explained the situation, and asked for medical assistance. Plaintiff maintains Defendant Hamilton refused to call for medical assistance. After Plaintiff persisted in his demand for medical attention, including by striking his cell door for approximately thirty minutes, Defendant Hamilton told him the nurse would "get here when she gets here." Plaintiff lost consciousness again.

Around 5:30 a.m. Plaintiff awoke to Defendant Hamilton ordering him to get off the floor and onto his bed to permit a nurse to enter the cell. Plaintiff informed the nurse that he had defecated in his bunk while he was passed out and that something was wrong with his abdomen. Plaintiff asserts the nurse told him that he was having a panic attack and gave him a pill. The nurse and Defendant Hamilton then left, and they did not address Plaintiff's requests for further medical assistance and to clean his bedding.

At approximately 9:00 a.m., Plaintiff woke as two individuals were tending to him. One of the individuals put Plaintiff on a stretcher. Plaintiff was taken to a nearby hospital

and then to a larger hospital where he underwent surgery for a ruptured spleen and internal bleeding.

## DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640

3

F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Given Plaintiff's allegations of a serious physical altercation followed by exposure to pepper spray with no decontamination, unsanitary conditions, disregarded pleas for medical attention, and a condition that required surgery, Plaintiff has pled sufficient facts at the preliminary review stage to assert an Eighth Amendment deliberate indifference claim against Defendant Hamilton, the John Doe corrections officer who did not decontaminate Plaintiff before returning him to his cell, and the Jane Doe nurse at the jail.

Plaintiff, however, asserts no allegations to support a claim against any of the other individuals named as defendants, and he fails to assert any facts, such as an official custom, policy, or a directive from other individuals, to support a supervisory liability or municipal liability claim.  *See S.E.C. v. Tambone,* 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture" the claim is open to dismissal).

4

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss Plaintiff's claims, except his claims against Defendants Hamilton, a John Doe corrections officer, and a Jane Doe nurse.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of January, 2022.