UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KYLE DESMARAIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:21-cv-00341-LEW |
| | ) | |
| CO KENNETH HAMILTON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTIONS TO JOIN PARTY**

Plaintiff asks the Court for leave to amend his complaint to join a party.  (Motions, ECF Nos. 97, 115.)  After a review of the motion and the record, I recommend the Court deny Plaintiff's request.

**BACKGROUND**

Plaintiff alleges that while he was in custody at the York County Jail, Defendants failed to treat him properly after he sustained a serious injury to his spleen.  In a scheduling order dated May 2, 2022, the Court designated July 18, 2022, as the deadline for the amendment of pleadings.  On November 17, 2022, and again on December 27, 2022, Plaintiff moved for leave to join an unidentified doctor as a defendant.  According to Plaintiff, the doctor was consulted by a nurse, Defendant Brown, when Plaintiff initially sought medical treatment for his injury.  (Motion at 1, ECF No. 97.)  Plaintiff submitted a note signed by Defendant Brown, which note reflects that Defendant Brown contacted the on-call doctor, who prescribed medication for Plaintiff.  (Progress Note, ECF No. 97-1.)

## DISCUSSION

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to

2

amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'"  *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)).  Ultimately, it falls to the court's discretion whether to grant a motion to amend, and that discretion should be exercised based on the particular facts and circumstances of the case.  *Id.*

Here, the timing of Plaintiff's motion was apparently informed by his receipt of Defendant Brown's progress note and a November 7, 2022, letter from a surgeon who cared for Plaintiff when he was admitted to the hospital.  Because Plaintiff moved to join the unidentified doctor soon after receipt of pertinent information, Plaintiff was not dilatory. In addition, because discovery is ongoing, an amendment would likely present no unfair prejudice to the other parties.  The timing of the motion, therefore, does not preclude the requested amendment.

On this record, however, the amendment would be futile.  A "futile" amendment is one that "would fail to state a claim upon which relief could be granted."  *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).  In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993).

Plaintiff alleges that Defendant Brown contacted the doctor who prescribed a medication to lower Plaintiff's blood pressure when his blood pressure was rising to

compensate for the internal bleeding he was experiencing.  Plaintiff apparently maintains that the doctor should not have treated the condition with medication but should have recognized the cause of the increased blood pressure and taken measures to stop the internal bleeding.

Plaintiff's federal claim pursuant to 42 U.S.C. § 1983 would be governed by the Eighth Amendment to the United States Constitution.  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  From this prohibition, "courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded."  *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  "The Eighth Amendment, applied to the states through the Fourteenth Amendment, protects incarcerated people from state corrections officials' 'deliberate indifference to serious medical needs.'"  *Zingg v. Groblewski*, 907 F.3d 630, 634-35 (1st Cir. 2018) (quoting *Feeney v. Corr. Med. Servs.*, Inc., 464 F.3d 158, 161-62 (1st Cir. 2006); *see Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015).  To allege "a claim of deliberate indifference based on inadequate or delayed medical care, 'a plaintiff must satisfy both a subjective and objective inquiry.'"  *Perry*, 782 F.3d at 78 (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

To demonstrate a claim under the objective prong, a plaintiff "must show that []he has a serious medical need for which []he has received inadequate treatment."  *Kosilek*, 774 F.3d at 85.  For a medical condition to be objectively "serious," there must be "a

4

sufficiently substantial 'risk of serious damage to [the inmate's] future health.'"  *Farmer*, 511 U.S.  at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).  This "requires that the need be 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Kosilek*, 774 F.3d at 82 (quoting *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990)).  However, this "does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing."  *Id.* (citations omitted).  "Rather, the Constitution proscribes care that is 'so inadequate as to shock the conscience.'"  *Id.* at 83 (quoting *Torraco v. Maloney*, 923 F.2d 231, 235 (1st Cir. 1991)).

Under the subjective prong, "a plaintiff must show 'that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety.'"  *Perry*, 782 F.3d at 78 (quoting *Leavitt*, 645 F.3d at 497).  Thus, "even if medical care is so inadequate as to satisfy the objective prong, the Eighth Amendment is not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs."  *Kosilek*, 774 F.3d at 83.  "For purposes of this subjective prong, deliberate indifference 'defines a narrow band of conduct,' and requires evidence that the failure in treatment was purposeful."  *Id.* (citation omitted) (quoting *Feeney*, 464 F.3d at 162); *see Perry*, 782 F.3d at 79 (stating that deliberate indifference "requires evidence that the absence or inadequacy of treatment is intentional").  A constitutional claim may arise when "the treatment provided [was] so inadequate as 'to constitute an unnecessary and

5

wanton infliction of pain or to be repugnant to the conscience of mankind.'" *Leavitt*, 645 F.3d at 497 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  However, "when a plaintiff's allegations simply reflect a disagreement on the appropriate course of treatment, such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation." *Feeney*, 464 F.3d at 162 (alterations and quotation marks omitted).  Moreover, "[p]rison officials 'who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Giroux v. Somerset County*, 178 F.3d 28, 33 (1st Cir. 1999) (quoting *Farmer*, 511 U.S. 825 at 844); *see Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002) (recognizing that the focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response").

Plaintiff has alleged facts that would support a finding that he had a serious medical condition that required prompt treatment.  Plaintiff has thus satisfied the objective prong of the deliberate indifference standard.  *See Kosilek*, 774 F.3d at 82.  To satisfy the subjective prong of the deliberate indifference standard, Plaintiff's allegations must also support a finding that the alleged inadequate medical care was "purposeful." *Kosilek*, 774 F.3d at 83.  Plaintiff's allegations lack any facts to support a finding that when the doctor prescribed the medication, the doctor acted with a purposeful intent to disregard Plaintiff's serious medical condition.  Plaintiff, therefore, has not alleged enough facts to support a federal claim of deliberate indifference.

The allegations are also likely insufficient to support a negligence claim. For instance, Plaintiff has not alleged the information provided to the doctor before the doctor prescribed the medication nor has Plaintiff described the applicable standard of care and the reasons the doctor breached the standard. Regardless of whether Plaintiff's allegations can be construed to allege a state law negligence claim, the proposed amendment at this stage of the proceedings would be futile. "[T]his court has consistently held that a plaintiff may not proceed with state negligence claims against medical providers unless he or she has complied with the requirements of the [Maine Health Security Act]." *Dyer v. Penobscot County*, No. 1:20-cv-00224-NT, 2020 WL 5801081, at *3 (D. Me. Sept. 28, 2020) (collecting cases). "[T]he [Maine Health Security Act] mandates that before a plaintiff may file suit against a medical provider sounding in tort, the plaintiff must first present the claim to a duly authorized pre-litigation panel and receive a decision." *Kidder v. Richmond Area Health Center, Inc.*, 595 F.2d 139, 142-143 (D. Me. 2009) (citing 24 M.R.S. §§ 2853(1), 2903(1)). Plaintiff has provided no facts or evidence to suggest he has satisfied the requirements of the Maine Health Security Act. At a minimum, therefore, joinder of the doctor at this time would be premature.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's requests to join a party.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered

pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of February, 2023.