UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KYLE DESMARAIS, | ) |
|       Plaintiff | ) ) ) ) |
| v. | )    2:21-cv-00341-LEW |
| CO KENNETH HAMILTON, et. al., | ) ) ) |
|       Defendants | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Defendant Leslie Brown moves to dismiss Plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Procedure.[1] (Motion, ECF No. 134.) Defendant Brown argues that Plaintiff has failed to comply with the requirements of the Maine Health Security Act ("MHSA"), 24 M.R.S. §§ 2851 et seq., and that Plaintiff has failed to state an actionable claim.

Following a review of the record and after consideration of the parties' arguments, I recommend the Court deny Defendant's motion except to the extent Plaintiff's complaint is construed to allege a medical negligence claim.

---

[1] Defendant does not specify in the motion the subsection of Rule 12 upon which she relies. In the motion, Defendant asserts "this Court does not have jurisdiction to entertain Plaintiff's Complaint." (Motion at 5.) In Defendant's reply memorandum, she contends, "it does not appear that Plaintiff has in any way alleged a violation." (Reply, ECF No. 137 at 2.) I construe Defendant as moving for dismissal under Rule 12(b)(1) and Rule 12(b)(6).

## FACTUAL BACKGROUND[2]

Plaintiff alleges that while in custody at York County Jail on June 15, 2020, he was involved in an altercation with other inmates and a corrections officer pepper sprayed and handcuffed him. According to Plaintiff, he lost consciousness and was returned to his cell.

Early the next morning, Plaintiff woke in his cell with pain in his abdomen and discovered that he had defecated in his bunk. Plaintiff explained the situation to Defendant Hamilton, a corrections officer, and asked for medical assistance. Plaintiff maintains Defendant Hamilton refused to call for medical assistance. Plaintiff later lost consciousness again.

Around 5:30 a.m. Plaintiff awoke to Defendant Hamilton directing him to get off the floor and onto his bed to permit a nurse—Defendant Brown—to enter the cell. Plaintiff informed Defendant Brown that he had defecated in his bunk while he was passed out and that something was wrong with his abdomen. Plaintiff asserts Defendant Brown told him that he was having a panic attack and gave him some medicine in a pill form. Defendant Brown and Defendant Hamilton then left, and they did not address Plaintiff's requests for further medical assistance. At approximately 9:00 a.m., Plaintiff was taken to a nearby hospital and then to a larger hospital where he underwent surgery to remove his ruptured spleen and stop the internal bleeding.

---

[2] The factual background is derived from Plaintiff's complaint and its attachment. For purposes of evaluating Defendant's motion to dismiss, the factual allegations are deemed true. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

In this action, Plaintiff alleges Defendant Brown provided substandard care. Plaintiff also asserts that his "civil rights" were violated. (Complaint at 3, ECF No. 1.) Defendant Brown moves to dismiss Plaintiff's claim against her citing the Court's lack of jurisdiction and Plaintiff's failure to allege an actionable claim.

## LEGAL STANDARD

### A.   Rule 12(b)(1) Motion to Dismiss Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Accordingly, "[f]ederal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013).

"A motion to dismiss an action under Rule 12(b)(1) . . . raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005) (quotation marks omitted). On such a motion, the court must "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010). The court "may also 'consider whatever evidence has been submitted.'" *Id.* (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)). The burden of proving subject matter jurisdiction falls to the party invoking the court's jurisdiction. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).

### B. Rule 12(b)(6) Motion to Dismiss Standard

In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, a court must "assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom," but need not "draw unreasonable inferences or credit bald assertions [or] empty conclusions." *Id.* (alteration in original) (internal quotation marks omitted); *see Bruns v. Mayhew*, 750 F.3d 61, 71 (1st Cir. 2014) ("[A] court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To evaluate the sufficiency of the complaint, therefore, a court must "first, 'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements,' then 'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020) (alteration omitted) (quoting *Zenon v. Guzman*, 924 F.3d 611, 615-16 (1st Cir. 2019)).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-

JDL, 2019 WL 5764661 at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

### A. Subject Matter Jurisdiction/Professional Negligence Claim

Defendant contends that this Court does not have jurisdiction to entertain Plaintiff's complaint because Plaintiff filed a claim that "does not comply with the MHSA." (Motion at 5.) Defendant Brown contends this is an action for professional negligence and seeks dismissal based on Plaintiff's failure to satisfy the requirements of the the MHSA. Plaintiff maintains that his claim is "not from malpractice." (Plaintiff's Response at 1, ECF 136). Moreover, he claims that Defendant Brown's "violations" were "willful and knowing actions and omissions." (*Id.*)

To the extent Plaintiff asserts a medical negligence claim, the procedural requirements of the MHSA apply. *Saunders v. Tisher*, 2006 ME 94, ¶ 15, 902 A.2d 830 (the requirements apply to "*any* case that could implicate medical malpractice insurance.") (emphasis in original); *see* 24 M.R.S. § 2502(6) (defining "action for professional negligence" as "any action for damages for injury or death against any health care provider ... whether based upon tort or breach of contract or otherwise, arising out of the provision or failure to provide health care services"). Under the MHSA, "a plaintiff seeking to bring a medical malpractice claim must first notify the defendant of the claim, file the notice in court, and present the claim to a prelitigation screening panel." *Stewart v. Mason*, No. 1:21-cv-00321, 2022 WL 1997213, 2022 1997213, at *2 (D. Me. June 6, 2022) (citing *D.S. v. Spurwink Servs., Inc.*, 2013 ME 31, ¶ 18, 65 A.3d 1196, 1200); *see also* 24 M.R.S. §

2903.  The MHSA applies to cases where the health practitioner is providing care to a person who is incarcerated.  *See e.g., Demmons v. Tritch*, 484 F. Supp. 2d 177, 179 (D. Me. 2007).  When a medical malpractice claim is brought prior to satisfying the prelitigation screening prerequisite, it is proper for the Court to dismiss the action without prejudice.  *See e.g., Hill v. Kwan*, 2009 ME 4 ¶¶ 5–6, 962 A.2d 963, 965–66.

Plaintiff has not alleged and the record otherwise does not reflect that he complied with the MHSA.  Plaintiff's pro se filing status does not exempt him from complying with MHSA procedural rules.  *Stewart*, 2022 WL 1997213, at *3 (D. Me. June 6, 2022).  Accordingly, to the extent Plaintiff's complaint is construed to allege a medical negligence claim, dismissal of the claim is warranted.

## B. Plaintiff's Federal Claim

Defendant Brown argues that Plaintiff has not alleged a violation of his constitutional rights.  (Reply at 2, ECF No. 137.)  Defendant Brown's argument is unpersuasive.

Plaintiff's complaint against Defendant Brown can reasonably be construed as asserting a claim pursuant to 42 U.S.C. § 1983[3] for the violation of the Eighth and Fourteenth Amendments.[4]  In fact, the Court has already construed Plaintiff's complaint to

---

[3] Section 1983 does not provide substantive rights, but is a vehicle "for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[4] Plaintiff brings this case pro se and does not specify that he is proceeding under 42 U.S.C. § 1983 or under state law. The Court must "intuit the correct cause[s] of action." *Stewart*, 2022 WL 1997213, at *2 (D. Me. June 6, 2022) (quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (finding the Plaintiff's pro se "argument sounds both in civil rights and in medical malpractice").

allege claims based on a violation of the Eighth and Fourteenth Amendments. (Recommended Decision, ECF No. 9; Order Affirming Recommended Decision, ECF No. 12.)  In addition, in his response to the motion to dismiss, Plaintiff explicity stated that he was asserting his claims based on a constitutional violation.  Furthermore, contrary to Defendant Brown's contention, Plaintiff's allegations are sufficient to support such a claim.[5]

"Pretrial detainees are protected under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment; however, the standard to be applied is the same as that used in Eighth Amendment cases." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 7 (1st Cir. 2002).[6]  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  From this prohibition, "courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "The Eighth Amendment, applied to the states through the Fourteenth Amendment, protects incarcerated people from state corrections officials' 'deliberate indifference to serious

---

[5] Plaintiff's alleged failure to comply with the state procedural process for medical negligence claims has no effect on the Court's federal question jurisdiction over Plaintiff's Eighth and Fourteenth Amendment claims. "The law is well established, however, that '[t]he MHSA's procedural requirements do not apply to suits for constitutional violations brought under 42 U.S.C. § 1983, where the suit in question proceeds against a health care provider and involves the provision of health care services." *Wadsworth v. Me. School Admin. Dist. 40/Reg'l Sch. Unit 40*, No. 2:19-cv-00577-JAW, 2023 WL 2714027, at 27 (D. Me. Mar. 30, 2023) (quoting *Stewart*, 2022 WL 1997213, at *2 n.1 (D. Me. June 6, 2022).

[6] Plaintiff did not explicity allege that he was a pretrial detainee rather than serving a sentence when the alleged incident occurred.  I infer Plaintiff's status in part from his assertion that his "lawyer came to talk to [him] about bail." (ECF No. 1-1.)

medical needs.'" *Zingg v. Groblewski*, 907 F.3d 630, 634–35 (1st Cir. 2018) (quoting *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d 158, 161–62 (1st Cir. 2006); *see Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015). To allege "a claim of deliberate indifference based on inadequate or delayed medical care, 'a plaintiff must satisfy both a subjective and objective inquiry.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

To demonstrate a claim under the objective prong, a plaintiff "must show that []he has a serious medical need for which []he has received inadequate treatment." *Kosilek*, 774 F.3d at 85. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). This "requires that the need be 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Kosilek*, 774 F.3d at 82 (quoting *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)). However, this "does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing." *Id.* (citations omitted). "Rather, the Constitution proscribes care that is 'so inadequate as to shock the conscience.'" *Id.* at 83 (quoting *Torraco v. Maloney*, 923 F.2d 231, 235 (1st Cir. 1991)).

Under the subjective prong, "a plaintiff must show 'that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt*, 645 F.3d at 497). Thus, "even if medical care is so inadequate as to satisfy the objective prong, the Eighth Amendment is

not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs." *Kosilek*, 774 F.3d at 83.

"For purposes of this subjective prong, deliberate indifference 'defines a narrow band of conduct,' and requires evidence that the failure in treatment was purposeful." *Id.* (quoting *Feeney*, 464 F.3d at 162); *see Perry*, 782 F.3d at 79 (stating that deliberate indifference "requires evidence that the absence or inadequacy of treatment is intentional"). A constitutional claim may arise when "the treatment provided [was] so inadequate as 'to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.'" *Leavitt*, 645 F.3d at 497 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

Plaintiff alleges he passed out, defecated in his cell, and had severe pain in his abdomen. As alleged, Plaintiff's condition can reasonably be viewed as a serious condition requiring medical attention, and thus Plaintiff has satisfied the objective prong of the deliberate indifference standard. *See Kosilek*, 774 F.3d at 82; *see also Petrig v. Folz*, 581 F. Supp. 2d 1013, 1018 (S.D. Ind. 2008) (holding "a reasonable person could have realized that he had an objectively serious medical need" because the detainee was "complaining of serious pain" and "screaming out" until he received attention which led to surgery to remove his spleen).

As to the subjective prong, Plaintiff alleges that when Defendant Brown arrived in the cell, Plaintiff, who had been in an altercation with other inmates, reported to Defendant Brown he had passed out, had pain in his abdomen, and had defecated in the cell. Defendant Brown, however, did not check Plaintiff's vital signs or physically examine him.

9

Instead, according to Plaintiff, Defendant Brown provided Plaintiff with anxiety medication and did not provide or arrange for any follow-up. Plaintiff's allegations satisfy the subjective prong of the deliberate indifference standard.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court deny Defendant's motion to dismiss except to the extent Plaintiff asserts a medical negligence claim. To the extent Plaintiff's complaint is construed to allege a medical negligence claim, I recommend the Court grant Defendant's motion and that the Court dismiss the negligence claim without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of May, 2023.